NOT ORIGINAL DOCUMENT
09/05/2018 08:24:17 AM
Srhickey@kopkalaw.com

COMMONWEALTH OF KENTUCKY
HART CIRCUIT COURT
DIVISION _____
NO. _____

ASHLEY CANTERBURY　　　　　　　　　　　　　　　　　　　PLAINTIFF
3100 Sunny Lane, Apt. 4
Louisville, KY 40205

VS.　　　　　　　　　　**COMPLAINT**

BERTIS CARLSON TRUCKING, INC.　　　　　　　　　　　　DEFENDANTS
1480 Henderson Street
Galesburg, IL 61401

SERVE:　　Brian A. Peterson
　　　　　　246 East Main Street #201
　　　　　　Galesburg, IL 61401

and

Charles L. Holmes
215 NE Stevens Road
Bolivar, TN 38008-1119

SERVE:　　Kentucky Secretary of State
　　　　　　Summonses Branch
　　　　　　700 Capital Avenue, Suite 86
　　　　　　Frankfort, KY  40601

\* \* \* \* \*

Comes Plaintiff, Ashley Canterbury, by counsel, and for her cause of action against the Defendants, Bertis Carlson Trucking, Inc. (hereinafter "Bertis") and Charles L. Holmes (hereinafter "Holmes"), states as follows:

1.　　Plaintiff is, and at all times relevant hereto, was resident of Louisville, Jefferson County, Kentucky.

Presiding Judge: HON. JOHN D. SEAY (610248)

COM : 000001 of 000006

Filed  Case 1:18-cv-00169-GNS-HBB   Document 1-1   Filed 11/29/18   Page 2 of 6 PageID #: 5
       18-CI-00178     08/28/2018         Kayla Rountree, Hart Circuit Clerk       ORIGINAL DOCUMENT
                                                                                   09/05/2018 08:24:17 AM
                                                                                   Srhickey@kopkalaw.com

2. Defendant Holmes is, and at all times relevant hereto, was a resident of Bolivar, Tennessee.

3. Defendant Bertis presents itself as an Illinois corporation having its principal place of business located at 702 Hurff Drive Elmwood, IL 61529 and, at the time of this motor vehicle collision, was doing business in the Commonwealth of Kentucky.

4. Venue is proper as the events that transpired giving rise to the cause of action stated herein occurred in Hart County, Kentucky, and this Court has proper jurisdiction of this action.

5. That the claims of the Plaintiff exceed the minimal jurisdictional amount of this Court.

## Count I- Negligence

6. Plaintiff incorporates by reference each and every allegation contained above as if set forth here in full.

7. On or about June 1, 2017 Plaintiff was injured in an automobile accident which occurred on I-65 Southbound at or near the mile 71 marker, just past the Southbound on-ramp from Hwy 728 east of Bonnieville, Hart County, Kentucky.

8. The aforementioned accident directly and proximately resulted from Defendant Holmes' negligent commissions and/or omissions in failing to exercise ordinary care for the safety of others while he was operating and/or in physical control of a motor vehicle owned by Defendant Bertis.

9. Specifically, Defendant Holmes failed to properly maintain the motor vehicle he was operating, causing it to breakdown while in mid-transport on I-65.

Filed Case 1:18-cv-00169-GNS-HBB Document 1-1 Filed 11/29/18 Page 3 of 6 PageID #: 6
Filed          18-CI-00178     08/28/2018        Kayla Rountree, Hart Circuit Clerk ORIGINAL DOCUMENT
                                                                                    09/05/2018 08:24:17 AM
                                                                                    Srhickey@kopkalaw.com

10. Further, when said breakdown occurred, Defendant Holmes failed to park his motor vehicle in a safe location, instead parking it on the shoulder of I-65. when and failed to activate his emergency flashers and also failed to place any other warning devices on the road and toward approaching traffic to warn of his presence and in a stationary manner and thereby directly and proximately caused collision with vehicle in which the Plaintiff was a passenger.

11. Upon information and belief, Defendant Holmes is an agent and/or employee of Defendant Bertis.

12. Defendant Bertis is vicariously liable for the negligent acts enumerated herein and committed by its agent and/or employee, Defendant Holmes.

13. As a direct and proximate result of Defendants Holmes' and Bertis' negligent commissions and/or omissions which are complained of in the proceeding paragraphs, Plaintiff received medical treatment and incurred medical expenses and may in the future incur same; Plaintiff experienced physical and emotional pain and suffering and may in the future incur same; Plaintiff lost enjoyment of life; and Plaintiff lost wages and now has a diminished capacity to labor and earn money now and in the future. All of the above are in excess of the jurisdictional threshold of this Court.

**Count II- Negligence Per Se**
**Violation of KRS 189.450**

14. Plaintiff incorporates by reference each and every allegation contained above as if set forth here in full.

15. At the time of the aforementioned motor vehicle accident, Defendant Holmes was parked on the shoulder of I-65.

16. At all times relevant hereto, Defendant Holmes had a duty to comply with

Filed   Case 1:18-cv-00169-GNS-HBB   Document 1-1   Filed 11/29/18   Page 4 of 6 PageID #: 7
        18-CI-00178   08/28/2018        Kayla Rountree, Hart Circuit Clerk   ORIGINAL DOCUMENT
                                                                09/05/2018 08:24:17 AM
                                                                Srhickey@kopkalaw.com

all applicable Kentucky Revised Statutes.

17. The aforementioned accident directly and proximately resulted from Defendant Holmes' negligent commissions and/or omissions in failing to comply with all applicable Kentucky Revised Statutes including, but not limited to KRS 189.450, and thereby directly and proximately caused collision with vehicle in which the Plaintiff was a passenger.

18. Upon information and belief, Defendant Holmes is an agent and/or employee of Defendant Bertis.

19. Defendant Bertis is/are vicariously liable for the negligent acts enumerated herein and committed by its agent and/or employee, Holmes.

20. As a direct and proximate result of Defendants Holmes' and Bertis' negligent commissions and/or omissions which are complained of in the proceeding paragraphs, Plaintiff received medical treatment and incurred medical expenses and may in the future incur same; Plaintiff experienced physical and emotional pain and suffering and may in the future incur same; Plaintiff lost enjoyment of life; and Plaintiff lost wages and now has a diminished capacity to labor and earn money now and in the future. All of the above are in excess of the jurisdictional threshold of this Court.

21. Under KRS 446.070, Plaintiff, damaged as a result of Defendants' violation(s) of Kentucky Revised Statute may recover from Defendants such damages as he sustained by reason of the violation. All of the above are in excess of the jurisdictional threshold of this Court.

WHEREFORE, Plaintiff demands judgment against the Defendants as follows:

1. For an amount of compensatory and special damages that are fair and

Filed 18-CI-00178 08/28/2018 Kayla Rountree, Hart Circuit Clerk

NOT ORIGINAL DOCUMENT
09/05/2018 08:24:17 AM
Srhickey@kopkalaw.com

reasonable as established by the evidence;

2. For prejudgment interest;

3. A jury trial on all issues so triable;

4. Plaintiff's costs expended herein; and

5. Any and all relief to which Plaintiff may otherwise appear entitled.

          Respectfully submitted,

          /s/ Brian D. Cook
          BAHE, COOK, CANTLEY, & NEFZGER PLC
          1041 Goss Avenue
          Louisville, Kentucky 40217
          Tel. (502) 587-2002
          Fax (502) 587-2006
          Brian@bccnlaw.com
          *Attorney for Plaintiff, Ashley Canterbury*

Presiding Judge: HON. JOHN D. SEAY (610248)

COM : 000005 of 000006

Filed 18-CI-00178 08/28/2018 Kayla Rountree, Hart Circuit Clerk

09/05/2018 08:24:17 AM
Srhickey@kopkalaw.com

Presiding Judge: HON. JOHN D. SEAY (610248)

COM : 000006 of 000006

Filed 18-CI-00178 08/28/2018 Kayla Rountree, Hart Circuit Clerk